IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANIEL McKIMMONS                                                                                    PLAINTIFF

v.                                    CASE NO.         12-2319

CAROLYN W. COLVIN[1], Commissioner
of Social Security Administration                                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

### I.  Procedural Background:

The plaintiff filed an applications for SSI on October 20, 2010 , alleging an onset date of October 6, 2010 , due to plaintiff's diabetes, skin cancer, and fracture of the right leg (T. 218). Plaintiff's applications were denied initially and on reconsideration.  Plaintiff then requested an administrative hearing, which was held on August 4, 2011.  Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, plaintiff was 45 years of age and possessed a 11th grade education.  The Plaintiff had past relevant work ("PRW") experience as a cook, assistant manager, and maintenance worker.  (T. 129).

On September 19, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's diabetes and situational depression did not meet or equal any Appendix 1 listing.  T. 12.  The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to light work with additional limitations.  T. 14.  With the assistance of a vocational expert, the ALJ then determined Plaintiff could perform the requirements of representative occupation such as poultry production deboner or eviscerator, small products assembler, and sewing machine operation .  T. 17.

## II.  Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id*.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the

decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

The court has reviewed the Briefs filed by the Parties, the Transcript of the proceedings before the Commission, including a review of the hearing before the ALJ, the medical records, and relevant administrative records and finds the ALJ's decision is supported by substantial evidence.

**A. Step Two:**

At step two of the sequential evaluation process, the claimant bears the burden of proving

that he has a severe impairment. *Nguyen v. Chater*, 75 F.3d 429, 430-431 (8th Cir. 1996). An impairment or combination of impairments is not severe if there is no more than a minimal effect on the claimant's ability to work. *See, e.g., Nguyen*, 75 F.3d at 431. A slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities is not a severe impairment. SSR 96-3p, 1996 WL 374181 (1996); SSR 85-28, 1985 WL 56856 (1985). If the claimant is not suffering a severe impairment, he is not eligible for disability insurance benefits. 20 C.F.R. § 404.1520(c).

      The fact that the ALJ did not find that a 1991 right leg fracture was a severe impairment at step two is not reversible error. The ALJ specifically acknowledged and considered Plaintiff's remote right femur fracture, but did not find that it was a severe impairment (Tr. 12, 14, 15). The ALJ explained that Plaintiff had provided no medical evidence to document recent treatment (Tr. 12). It is true that, "[w]hile not dispositive, a failure to seek treatment may indicate the relative seriousness of a medical problem ." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir.1995).

      Likewise the Plaintiff had no psychiatric treatment of any kind. *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir.1995). *Id*.; *See Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007) (holding that lack of formal treatment by a psychiatrist, psychologist, or other mental health professional is a significant consideration when evaluating Plaintiff's allegations of disability due to a mental impairment).

      The Plaintiff clearly failed to carry his burden to show that the Plaintiff had any severe impairments other than determined by the ALJ. The Plaintiff contends, however, that the ALJ committed error in failing to develop the record.

**B. Residual Functional Capacity:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record.  *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing  Lauer v. Apfel, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

   1.   Development of the Record

The ALJ has a duty to fully and fairly develop the record.  *See Frankl v. Shalala*, 47 F.3d

935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). This duty exist "even if ... the claimant is represented by counsel." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir.1992) *(quoting Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983)). The ALJ is not required to act as Plaintiff's counsel. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994) (ALJ not required to function as claimant's substitute counsel, but only to develop a reasonably complete record); *see also Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) ("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").

  The consultive examination performed in November 2010 found the Plaintiff had a normal range of motion (T. 221), no muscle weakness (T. 222), and a normal grip (Id.). Dr. Hoang felt that the Plaintiff had "Mild physical limitations for work". (T. 223). A Physical RFC assessment by Dr. Jerry Thomas a non-examining consultive physician was made in December 2010 (T. 224) which found the Plaintiff could lift 20 pounds occasionally, 10 pounds frequently, and that he could stand and/or walk and sit for six hours in an 8-hour workday. (T. 225). Dr. Thomas' opinion was reviewed and affirmed by Dr. Bill Payne. (T. 241). There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis. *Battles v. Shalala*, 36 F.3d 43 at 45 (C.A.8 (Ark.), 1994). In this case the court finds that the ALJ properly developed the record.

  2. RFC Determination

    The ALJ determined that the Plaintiff had the RFC to:

> "perform light work as defined in 20 CFR 416.967(b) in that he is able to lift and carry 20 pounds occasionally and 10 pounds frequently. He is able to sit for six hours and stand and walk for six hours during an eighthour

workday. Non-exertionally, the claimant is able to understand, remember and carry out simple, repetitive and routine tasks; respond to usual work situations and routine work changes; but can only have incidental contact with supervisors, co-workers and the public."

As noted above the Plaintiff had little in the way of medical records to support his disability claim and the records that were presented established that his diabetes was controlled with medication and his basil cell carcinoma was controlled with treatment.

Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits. *See, e.g., Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir.2004); *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir.1987); see also *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir.1983) (affirming a denial of benefits and noting that the claimant's impairments were responsive to medication). *Warre v. Commissioner of Social Sec. Admin.* 439 F.3d 1001, 1006 (C.A.9 (Or.),2006). "If an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir.2004) (internal quotations omitted); see 20 C.F.R. §§ 404.1530(b), 416.930(b). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

In evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing *Lauer v. Apfel*, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§

416.927(e)(2), 416.946 (2006).

Based upon the medical evidence and the record the court concludes that the ALJ properly determined the RFC of the Plaintiff.

C.  Vocation Expert Testimony:

Testimony from a vocational expert ("VE") based on a properly-phrased hypothetical question constitutes substantial evidence.  *See Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996); cf. *Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir. 1994) (when hypothetical question does not encompass all relevant impairments, VE's testimony does not constitute substantial evidence to support the ALJ's decision). The ALJ's hypothetical question needs to "include only those impairments that the ALJ finds are substantially supported by the record as a whole." Id. (citing *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir.1993)); see also *Morse v. Shalala*, 32 F.3d 1228, 1230 (8th Cir.1994).   A hypothetical need not use specific diagnostic or symptomatic terms where other descriptive terms can adequately define the claimant's impairments.  *Roe v. Chater*, 92 f.3d 672, 676 (8th Cir. 1996).

The ALJ's relevant hypothetical to the vocational expert (VE) accounted for all of Plaintiff's proven impairments, *see Buckner v. Astrue*, 646 F.3d 549, 560–61 (8th Cir.2011) (VE's testimony constitutes substantial evidence when it is based on hypothetical that accounts for all of claimant's proven impairments; hypothetical must include impairments that ALJ finds substantially supported by record as a whole).

### IV.  Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial

evidence supporting the ALJ's decision, and thus the decision should be affirmed.  The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

Dated  this 12th day of November, 2013.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE